# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-2818

_____

Debora Craig,                          *
                                       *
            Plaintiff,                  *
                                       *     Appeal from the United States
Charles Andrew Harter,                  *     District Court for the
                                       *     Eastern District of Missouri.
            Appellant,                  *
                                       *        [UNPUBLISHED]
        v.                             *
                                       *
St. Anthony's Medical Center,           *
                                       *
            Appellee.                   *


_____

Submitted: June 14, 2010
Filed: July 19, 2010

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Charles Harter represented Debora Craig in an employment discrimination claim against her former employer, St. Anthony's Medical Center. Counsel for the parties arranged to depose Ms. Craig on February 27, 2009. Harter arrived late at the agreed upon deposition location, and he initially refused to produce his client because she was not subject to a subpoena. Once the deposition started, Harter continually

made argumentative and suggestive objections.  He also engaged in private and off-the-record conversations with his client, answered multiple questions in place of his client, and instructed his client to refuse to answer questions.  Only once did Harter assert a privilege to justify an off-the-record conversation or an instruction to his client to refuse to answer.

After the deposition, defense counsel moved the district court[1] to sanction Harter for his behavior at the deposition, as well as for other discovery-related indiscretions.  One day later, the district court addressed the motion for sanctions at a previously scheduled hearing.  Harter did not appear at the hearing.  The district court held that Harter had failed to comply with Federal Rule of Civil Procedure 30 to such an extent that the deposition in question was unuseable, and the court granted the motion for sanctions and ordered defense counsel to submit documentation of the firm's fees and costs related to the deposition transgressions.  Harter moved for reconsideration of the sanctions because he was not given adequate notice of the hearing.  The district court held a hearing on the motion to reconsider and thereafter held the motion in abeyance.  When the parties subsequently settled the underlying lawsuit, the court entered an order denying all pending motions without prejudice.  The following day, the district court entered a separate order directing Harter to show cause why the court should not sanction him for his actions during discovery.  Harter filed a response to the show-cause order, and a hearing was held on the matter.  At the hearing, Harter argued that he was a pauper and that it would be unjust to sanction him.  The district court ordered Harter to pay $1,000 toward defense counsel's $17,236.58 of fees and costs related to the discovery transgressions.  Harter appeals the sanction.

---

[1]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

We review the imposition of discovery sanctions for an abuse of discretion. <u>See</u> Fed. R. Civ. P. 30 advisory committee's note (explaining Rule 30(d) sanctions are congruent with Rule 26(g) sanctions in all ways but one); <u>Johnson Int'l Co. v. Jackson Nat'l Life Ins. Co.</u>, 19 F.3d 431, 438-39 (8th Cir. 1994) (reviewing Rule 26(g) sanctions for abuse of discretion); <u>Perkins v. Gen. Motors Corp.</u>, 965 F.2d 597, 600-02 (8th Cir.) (reviewing sanctions for violation of multiple discovery rules for abuse of discretion), <u>cert.</u> <u>denied</u>, 506 U.S. 1020 (1992). Federal Rule of Civil Procedure 30(c)(2) governs the conduct of examinations by deposition: "An objection at the time of the examination . . . must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner." Counsel may instruct a client deponent not to answer only in certain narrowly defined circumstances, including when necessary to preserve a privilege. Fed R. Civ. P. 30(c)(2). The advisory committee's comments explain that argumentative objections, suggestive objections, and directions to a deponent not to answer often disrupt, unduly prolong, and unfairly frustrate deposition testimony. The notes also explain that an excessive number of unnecessary objections may constitute actionable conduct, though the objections be not argumentative or suggestive. To deter such practices, Rule 30(d)(2) authorizes the district court to "impose an appropriate sanction—including the reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

Our review of the relevant deposition reveals a substantial number of argumentative objections together with suggestive objections and directions to the deponent to refrain from answering questions without asserting a valid justification under Rule 30(c)(2). The record reflects ample support for the district court's finding that Harter impeded, delayed, or frustrated the deposition. The $1,000 sanction was not an abuse of discretion. Because the sanction was proper under Rule 30(d)(2), we need not review the district court's alternative basis for the sanction under Federal Rule of Civil Procedure 11. Harter's motion to strike St. Anthony's Medical Center's

January 11, 2010, letter to this court fails to provide legal authority relative to the procedural propriety of such a letter (as opposed to arguments assailing the letter's contents) and is hereby denied.

Accordingly, the order of the district court is affirmed.

_____